Lu, John T., J.
INTRODUCTION
The defendant, James Hampton (Hampton), moves to suppress evidence, including crack cocaine and cut baggies, found on him when police stopped and arrested him on November 29, 2004. The court conducted an evidentiary hearing on November 16, 2006, at which Worcester Police Officers Christopher Panarello (Panarello) and James Carmody (Carmody) testified.
Experienced drug investigators watched a group of three men in a high drug crime area, at night. They had previously encountered the three in drug investigations and had arrested one of them, James Hill (Hill), for drug offenses. They saw another of the three, Hampton, retrieve a bag from his rear waistband, take something out of the bag, and give it to Hill. Hill, in turn, gave Hampton something. As police approached, Hill threw something away. Determining that police had probable cause to search Hampton, the court denies the motion to suppress.
FINDINGS OF FACT
Based on the evidence presented and reasonable inferences from the evidence, the court makes the following findings of fact.
1.On November 29, 2004, Panarello and Carmody were experienced in the investigation of drug offenses. At about 8:30 P.M., they were wearing “soft uniforms,” includingjeans or cargo pants and long sleeved shirts with “POLICE” on the back. They sat in a car at the corner of Main and Charleton Streets in Worcester, which is next to a shelter and was known to the officers to be a high drug crime area.
2. They saw three men, including Hampton, Hill and James Reed (Reed) at the corner. Hampton pulled up his coat, reached to the rear of his waistband and pulled out a bag. He removed something from the bag and handed it to Hill. Panarello thought it suspicious that Hampton would store something in the rear of his waistband.
3. Hill handed something to Hampton who put the bag back in his waistband.
4. Panarello knew the three men having encountered them over the course of his career for police service calls and during narcotics investigations. Car-mody had arrested Hill for drug offenses.
5. Panarello thought that he had observed a street-level drug distribution and drove toward them. As they did so, Hill appeared to throw something to the ground as if to get rid of it.
6. Police pulled up to the men and said, “Hey, come over here, can I talk with you?” and spoke with them. Hampton denied involvement in a drug sale.
7. Panarello reached in Hampton’s pockets and pulled out five sandwich baggies with the corners ripped off; he knew that drug sellers use the corners of plastic baggies to package illegal drugs for distribution.
8. Police searched the area and were unable to find what they saw Hill discard.
9. Police handcuffed Hampton and took him into a nearby restaurant. In the bathroom, Carmody pulled back his pants revealing a piece of plastic between his buttocks. Retrieving it, Carmody found that it was a plastic bag containing cut comers of plastic baggies, which contained crack cocaine.
DISCUSSION
Probable cause exists where, at the moment of arrest, the facts and circumstances within the knowledge of the police warrant a prudent person in believing that the individual arrested has committed or was committing an offense. Commonwealth v. Santaliz, 413 Mass. 238, 241 (1992). Isolated facts and circumstances are not dispositive in determining whether there was probable cause. Commonwealth v. Kennedy, 426 Mass. 703, 708 (1998). This court examines the “whole ‘silent movie’ disclosed to the eyes of an experienced narcotics investigator.” Ibid., quoting from Santaliz, 413 Mass. at 242.
All of the circumstances taken together warrant a reasonable belief that Hampton possessed drugs with the intent to distribute them. The facts in this case are similar to the facts in Commonwealth v. Kennedy, 426 Mass. 703, in which the defendant was observed by police engaging in a quick transaction with a known drug dealer in a place known to the police as having a high incidence of drag traffic. A car pulled over to the curb and a person known to the police for previous drug arrests walked up to the *60 car’s passenger side, put his head through the window, and appeared to speak to the driver. Ibid. He briefly left, returning to make an exchange. Ibid. The drug investigator believed, based on his training and experience, that it was a drug transaction, although he did not see what had been exchanged. Ibid. After pulling the car over, the officer searched the driver and found cocaine. Ibid, at 704-05. The Supreme Judicial Court held that, when looking at the “whole ‘silent movie,’ ” the police officer, experienced in making drug arrests, had probable cause to arrest and search the defendant where the officer’s observations showed that the defendant had engaged in a transaction with a known drug dealer in a place known to the police as having a high incidence of drug traffic, despite the fact that the officer did not see the object exchanged in the transaction. Commonwealth v. Kennedy, 426 Mass. 703.
The facts and reasoning in Commonwealth v. Santaliz, 413 Mass. 238 (1992), are also helpful. In Santaliz, experienced police officers saw an unusual transaction including the retrieval of an item from the seller’s waistband, in a place known to police for a high incidence of drug trafficking. The court held that probable cause existed to arrest the defendant where the defendant took an object hidden in her waistband and exchanged it for money, the exchange having occurred in a place known to police for a high incidence of drug trafficking, and an experienced police officer believing the transaction was a drug sale. The transaction in Santaliz was less suspicious than Hampton’s retrieving the item from his rear waistband.
Both the Fourth Amendment to the Constitution of the United States, and Article XIV of the Declaration of Rights to the Massachusetts Constitution, require that an arrest upon which a search is undertaken be based on probable cause. Commonwealth v. Santaliz, 413 Mass. at 240. In the present case, the approach of the police was not a stop in the constitutional sense and did not implicate Hampton’s rights under Article XIV of the Declaration of Rights of the Massachusetts Constitution or the Fourth Amendment to the United States Constitution. Commonwealth v. Stoute, 422 Mass. 782 (1996).
Officer Panarello and Officer Carmody witnessed what appeared to be an exchange between Hampton and two men on the street. Both officers were experienced in the investigation of drug offenses, and they knew the area to be a high drug crime area. Panarello previously encountered the three men during narcotics investigations, and Carmody had arrested Hill for drug'offenses. Although police did not see that drugs and money were exchanged, based on their experience, the high drug crime location, the furtive storage of items in the back of Hampton’s waistband, the arrest of one for drug violations, experience with all the men in narcotics investigations and the throwing away of an object when they approached, police were justified in concluding that they had witnessed a hand-to-hand exchange of drugs. See Commonwealth v. Kennedy, 426 Mass. at 711 (“Given the practical consideration of the small size of packages of drugs, which are capable of being concealed within a closed hand, we would critically handicap law enforcement to require in every circumstance that an officer not only witness an apparent exchange, but also see what object was exchanged, before making a search incident to an arrest”).
Able counsel for Hampton argues that the facts in this case are similar to those in Commonwealth v. Clark, 65 Mass.App.Ct. 39 (2005), review denied, 446 Mass. 1101 (2006), where the defendant was observed by police exchanging a small package for cash in an area known for high drug activity. The Appeals Court held that the officer had an insufficient basis for an investigatory stop because he had no information that a drug sale was to occur at that particular location at the time and the defendant was not known to the police to be a drug dealer or drug user. Commonwealth v. Clark, 65 Mass.App.Ct. at 44. In Clark the only factors present were that it was a high drug crime area, late at night and that there was an exchange including counting of money. In contrast, Panarello and Carmody had experience with Hampton and the other two men in drug investigations and Hampton stored the bag in the rear of his waistband, a suspicious location.
Probable cause existed and the stop and search of Hampton was permissible.
ORDER
The defendant James Hampton’s motion to suppress the bag containing crack cocaine and tom plastic baggies is DENIED.